954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Therese M. REPP, Plaintiff-Appellant,
v.
OHIO HEALTH CARE EMPLOYEES UNION 1199; Carolyn Murphy, in
her official capacity and individually; Deborah
Bailey; Defendants-Appellees,
Joan Schmetzer, Director Nursing, et al., Defendants.
 
 No. 91-3636.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 Before RALPH B. GUY, Jr., Circuit Judge, and JOHN W. PECK and LIVELY, Senior Circuit Judges.
 
 ORDER
 
 1
 Therese Repp, represented by counsel, appeals from the order of the district court dismissing her complaint filed pursuant to 42 U.S.C. § 1983. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, injunctive and declaratory relief, Repp brought suit alleging that she was unlawfully fired from her job as a nurse at the Western Reserve Psychiatric Habitat Center. The issue on appeal is whether the district court erred in determining that Repp could not claim that she was deprived of her right to an evidentiary hearing under the Civil Rights Act and that a claim existed, if at all, for the Union's breach of duty of fair representation.
 
 
 3
 Upon review, we find no error. Repp did not state a § 1983 claim under Cleveland Board of Education v. Loudermill, 470 U.S. 532, 538-48 (1985). Loudermill provides that a public employee with a property interest in employment is entitled to pretermination notice and an opportunity to respond. Loudermill does not require that an aggrieved employee receive an evidentiary hearing. Repp did not allege that she was denied notice or an opportunity to respond. Instead, she alleged that her union improperly failed to take her grievance to an evidentiary hearing. Her claim is one for an unfair labor practice and not for the deprivation of a federally secured right under color of state law. Similarly, her First Amendment claim, which lacks any citation of authority, raises only a labor law issue.
 
 
 4
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the court's memoranda and orders dated January 19, 1988 and August 11, 1989. Rule 9(b)(3), Rules of the Sixth Circuit.